## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1595-LPS |
| | ) | |
| LG ELECTRONICS, INC., | ) | |
| LG ELECTRONICS USA, INC. and | ) | |
| LG ELECTRONICS MOBILECOMM U.S.A., | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1596-LPS |
| | ) | |
| APPLE INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1597-LPS |
| | ) | |
| BLACKBERRY LIMITED and | ) | |
| BLACKBERRY CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1598-LPS |
| | ) | |
| SAMSUNG ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC. | ) | |
| and SAMSUNG TELECOMMUNICATIONS | ) | |
| AMERICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1599-LPS |
| | ) | |
| NOKIA INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1600-LPS |
| | ) | |
| HTC CORP. a/k/a HIGH TECH COMPUTER, | ) | |
| CORP., and HTC AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1601-LPS |
| | ) | |
| MOTOROLA MOBILITY LLC | ) | |
| f/k/a MOTOROLA MOBILITY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-1602-LPS |
| | ) | |
| SONY MOBILE COMMUNICATIONS (USA) | ) | |
| INC. f/k/a SONY ERICSSON MOBILE | ) | |
| COMMUNICATIONS (USA) INC., | ) | |
| SONY CORPORATION and | ) | |
| SONY CORPORATION OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-919-LPS |
| | ) | |
| GOOGLE INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ARENDI S.A.R.L., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-920-LPS |
| | ) | |
| YAHOO! INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANTS' OPPOSITION TO
## ARENDI S.A.R.L.'S MOTION TO LIFT STAY

## <u>TABLE OF CONTENTS</u>

I.     **INTRODUCTION** ................................................................................................ 1

II.    **BACKGROUND** ................................................................................................. 2

III.   **LEGAL STANDARD** ........................................................................................ 7

IV.   **ARGUMENT** ................................................................................................... 11

        A.     Arendi Fails to Identify Any "Changed Circumstances" That Warrant Lifting The Stay. ................................................................................ 11

        B.     Maintaining The Stay Will Not Unduly Prejudice Arendi Nor Provide Defendants With a Tactical Advantage. ................................................ 11

        C.     Maintaining The Stay Will Continue to Simplify Issues For Trial ....................... 14

        D.     Maintaining The Stay Will Promote Judicial Efficiency and Conserve Resources ............................................................................................. 18

V.     **CONCLUSION** ............................................................................................... 20

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*,
   C.A. Nos. 06-187-GMS, 06-391-GMS, 2009 U.S. Dist. LEXIS 85156
   (D. Del. Sept. 15, 2009) ............................................................................................... *passim*

*Boston Sci. Corp. v. Cordis Corp.*,
   777 F. Supp. 2d 783 (D. Del. 2011) ........................................................................................8

*Canady v. Erbe Elektromedizin GmbH*,
   271 F. Supp. 2d 64 (D.D.C. 2002) ..........................................................................................8

*Cooper Notification, Inc. v. Twitter, Inc.*,
   C.A. No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010)...........................................7

*Crocs, Inc. v. Cheng's Enters.*,
   No. 06-cv-00605-PAB-BNB, 2012 U.S. Dist. LEXIS 161954
   (D. Colo. Oct. 16, 2012) ..........................................................................................................14

*CVI/Beta Ventures, Inc. v. Tura LP*,
   112 F.3d 1146 (Fed. Cir. 1997)..............................................................................................18

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*,
   C.A. No. 09-571-JJF, 2010 WL 2573925 (D. Del. June 25, 2010) .........................................13

*Fifth Mkt., Inc. v. CME Grp., Inc.*,
   C.A. No. 08-520-GMS, 2013 WL 3063461 (D. Del. June 19, 2013)...............................13, 19

*Murata Mach. USA, Inc. v. Daifuku Co. Ltd.*,
   No. 2:13CV866 DAK, 2015 U.S. Dist. LEXIS 118665 (D. Utah Sept. 4, 2015)....................10

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   C.A. No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416 (D. Del. July 2, 2013)......................8

*Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*,
   C.A. Nos. 12-1461-LPS-CJB, 13-335-LPS-CJB, 2015
   U.S. Dist. LEXIS 4234 (D. Del. Jan. 14, 2015)...................................................... 8, 9, 15, 16

*SenoRx, Inc. v. Hologic, Inc.*,
   C.A. No. 12-173-LPS-CJB, 2013 WL 144255
   (D. Del. Jan. 11, 2013)............................................................................................................19

*Sightsound Techs., LLC v. Apple, Inc.*,
   No. 11-1292, 2013 WL 2457284 (W.D. Pa. June 6, 2013) ....................................................16

*SoftView LLC v. Apple Inc.*,
    C.A. No. 10–389–LPS, 2012 WL 3061027 (D. Del. July 26, 2012) .................................13, 14

*SoftView LLC v. Apple Inc.*,
    C.A. Nos. 12-989-LPS, 10-389-LPS, 2013 U.S. Dist. LEXIS 125900
    (D. Del. Sept. 4, 2013) .........................................................................................................14

*Sonics, Inc. v. Arteris, Inc.*,
    C 11-05311 SBA, 2013 U.S. Dist. LEXIS 17524 (N.D. Cal. Feb. 8, 2013)...........................10

*Versata Software, Inc. v. Volusion, Inc.*,
    No. A-12-CA-893-SS, 2013 U.S. Dist. LEXIS 182842
    (W.D. Tex. June 20, 2013).............................................................................................15, 17

*Wall Corp. v. BondDesk Grp., L.L.C.*,
    C.A. No. 07-844 GMS, 2009 WL 528564 (D. Del. Feb. 24, 2009)........................................13

*Zoll Med. Corp. v. Respironics, Inc.*,
    C.A. No. 12-1778-LPS, 2015 WL 4126741 (D. Del. July 8, 2015) ........................................13

## I.      INTRODUCTION

In February 2014, Plaintiff Arendi S.A.R.L. ("Arendi") stipulated to a stay in this case ("Stipulation").  Decl. of David E. Moore, Ex. 1 (D.I. 35).[1]  Arendi "agreed that the parties' interests would best be served by staying the present litigation . . . pending the completion of [*inter partes*] review ***and any subsequent appeal thereof***, because staying these cases would not cause any of the parties to suffer undue prejudice, staying these cases would simplify the issues for trial, and because no trial dates have been set yet and discovery is in its early stages."  *Id*. at 5 (emphasis added).

The circumstances the parties envisioned when entering into the Stipulation have not changed.  In total, the Patent Trial and Appeal Board ("PTAB") has issued final decisions invalidating more than 160 claims from the patents-in-suit.  Arendi has or is soon expected to notice appeals to the PTAB's final decisions invalidating Arendi's patent claims.  These are circumstances contemplated by the Stipulation.  Although the Stipulation expressly envisions that the stay will remain in place during *Inter Partes* Review ("IPR") proceedings and all subsequent appeals thereto, Arendi now seeks to initiate piecemeal, dual-track litigation on a small subset of claims of the '843 and '993 patents.  At the same time, Arendi has refused to surrender its right to later assert claims now invalidated by the PTAB if revived on appeal.

Arendi cannot show that maintaining the stay would result in undue prejudice.  The timing of the stay request, the timing of the request for administrative review, the status of those proceedings and the relationship between the parties all strongly favor maintaining a stay.

---

[1] All docket number references correspond to Civ. No. 13-919 (LPS).  Identical documents were filed in the related cases referenced in the caption.

Specifically, maintaining the stay will streamline (or obviate) issues for trial. In contrast, splitting the case into two tracks will contribute to substantial complications in the above-captioned litigations in at least the following ways.  First, and most obvious, it will force the Court and the parties to revisit any previously asserted claims of the '853, '854, '843 and '356 patents if revived on appeal, creating two overlapping litigations.  Second, a two-track litigation raises a serious threat of inconsistent decisions on the merits since each of Arendi's patents-in-suit is related and discloses identical or substantially similar subject matter.  Third, the parallel tracks will require the parties and the Court to proceed without knowledge of Arendi's substantive positions on issues such as claim amendments and prior art distinctions that may alter the scope of the inventions claimed or otherwise characterize the state of the prior art.  Lastly, in light of the streamlining of issues for trial, maintaining a stay where this case is at an early juncture will have significant benefits for judicial and litigant economy.

As such, Arendi cannot establish the requisite "changed circumstances" that warrant lifting the stay and, therefore, Arendi's motion to lift the stay should be denied.

## II.     BACKGROUND

Between November 2012 and May 2013, Arendi initiated each of the above-captioned patent infringement actions, alleging that Defendants have infringed claims of U.S. Patent Nos. 7,917,843 (the "'843 patent"), 7,496,854 (the "'854 patent"), 8,306,993 (the "'993 patent"), 6,323,853 (the "'853 patent") and 7,921,356 (the "'356 patent") (collectively, the "patents-in-suit").

All five of the patents-in-suit are related.  Each claims priority to Norwegian Application No. 984066.  Each lists the same named inventor.  Each includes identical or substantially similar specifications and similar claim language.  The '843, '854 and '356 patents are all

continuations of U.S. Application No. 09/189,626, which issued as the '853 patent.  Likewise, the '993 patent states that it is "related to" the '626 application and expressly incorporates its disclosure by reference.  '993 patent, 1:12-14.

Defendants Apple Inc., Google Inc., Motorola Mobility LLC and Samsung Electronics Co. Ltd. filed IPR petitions for the '993 patent on December 2 and 3, 2013.  Defendants Apple Inc., Google Inc. and Motorola Mobility filed IPR petitions for the '854 patent and the '843 patent on December 2, 2013.[2]  Defendants Google Inc. and Motorola Mobility LLC filed an IPR petition for the '853 patent on February 21, 2014.[3]  Defendant Google Inc. filed an IPR petition for the '356 patent on February 20, 2014.  The prior art asserted in these IPRs overlaps with the prior art asserted against the '843 and '993 patents in the above-captioned actions.

On February 27, 2014, this Court entered the Stipulation to stay the litigation pending the outcomes of these IPR proceedings.  Ex. 1.  The Stipulation expressly envisions that the stay will remain in place during IPR proceedings and all subsequent appeals thereto:

- "[T]he parties have met and conferred and agreed that the parties' interests would best be served by staying the present litigation pending the PTAB's decision whether to institute an *inter partes* review, and, if an *inter partes* review is instituted, pending the completion of that review ***and any subsequent appeal thereof***, because staying these cases would not cause any of the parties to suffer undue prejudice, staying these cases would simplify the issues for trial, and because no trial dates have been set yet and discovery is in its early stages."  *Id*. at 5 (emphasis added).

- "All matters in this case shall be stayed until further order of this Court following ***the later*** of (1) the PTAB's denial of all of the *inter partes*

---

[2] On July 11, 2014 Samsung filed two petitions for IPR of the '854 patent, a petition for an IPR of the '843 patent, and requested joinder to the pending IPRs of the '854 and '843 patents.  On October 2, 2014 the PTAB denied these petitions and requests for joinder.

[3] On September 19, 2014, Samsung petitioned for IPR of the '853 patent and joinder of the pending IPR of the '853 patent.  On March 18, 2015, the PTAB instituted the Samsung IPR of the '853 patent, but joined it with the IPR brought by Google and Motorola.

review petitions against the Asserted Patents, including decision on any request for rehearing, or (2) the issuance of a certificate following the final written decision in all *inter partes* review proceedings that the PTAB instituted on the *inter partes* review petitions **and the completion of any appeal thereof**[.]" *Id*. at 5 (emphasis added).

- "Within thirty (30) days of . . . the issuance of the final written decision in all trials instituted by the *inter partes* review petitions and not previously terminated and **the completion of any appeal thereof**, the parties shall file a proposed scheduling order (should any issues remain to be litigated) or a stipulated dismissal." *Id*. at 6-7 (emphasis added).

On May 28 and June 5, 2014, the PTAB declined to institute IPR for the '993 patent. The '993 patent is not asserted against Yahoo! or Google. On June 11, 2014, the PTAB instituted IPR for claims 1, 2, 8, 14-17, 20, 21, 23, 24, 30, 36-39, 42, and 43 of the '843 patent, which includes all claims from the '843 patent asserted against Apple, BlackBerry, Motorola, Nokia, Sony, HTC, LG and Samsung, and all but dependent claims 13, 18 and 19 asserted against Google. On June 11, 2014, the PTAB instituted IPR for claims 1-12, 19, 20, 22-26, 28-30, 36-49, 57, 58, 60-74, 76-78, 85, and 96 of the '854 patent, which includes all claims from the '854 patent asserted against all Defendants. On August 20, 2014, the PTAB instituted IPR for claims 1-79 of the '853 patent, which includes all claims from the '853 patent asserted against all Defendants. On August 20, 2014, the PTAB also instituted IPR for claims 1, 7, 10, 12, 16, and 20 of the '356 patent, which includes all claims from the '356 patent asserted against Google (the '356 patent is not asserted against any other Defendant).

The PTAB has since issued final decisions invalidating every challenged claim on which it instituted review. On June 9, 2015, the PTAB issued three final decisions invalidating claims 1, 2, 8, 14-17, 20, 21, 23, 24, 30, 36-39, 42, and 43 of the '843 patent and claims 1-12, 19, 20, 22-26, 28-30, 36-49, 57, 58, 60-74, 76-78, 85, and 96 of the '854 patent. On August 18, 2015, the PTAB issued a final decision invalidating claims 1-79 of the '853 patent. On August 19,

2015, the PTAB issued a final decision invalidating claims 1, 7, 10, 12, 16, and 20 of the '356

patent.  In total, the PTAB invalidated more than 160 claims from the patents-in-suit and

invalidated 25 of 38 claims asserted against one or more of the Defendants in the above-

captioned cases.   Table 1 summarizes which claims asserted in Arendi's infringement

contentions in the above-captioned matters the PTAB has invalidated.

**TABLE 1: Claims Asserted In Arendi's Infringement Contentions**

| Defendant | Asserted Claims of '853 Patent | Asserted Claims of '854 Patent | Asserted Claims of '843 Patent | Asserted Claims of '993 Patent | Asserted Claims of '356 Patent |
|---|---|---|---|---|---|
| APPLE | None asserted | 19, 25, 57, 64, 72, 73 | 1, 8, 23, 30 | 1, 5, 8, 9, 13, 16, 17, 18, 21, 24 | None asserted |
| BlackBerry | None asserted | 19, 25, 57, 64, 72, 73 | 1, 8, 23, 30 | 1, 5, 8, 9, 13, 16, 17, 18, 21, 24 | None asserted |
| GOOGLE | 1, 15, 16, 79 | 19, 25, 36, 43, 57, 60, 64, 72, 73 | 1, 8, 13, 15, 17, 18, 19, 23, 30 | None asserted | 1, 12, 16, 20 |
| HTC | None asserted | 19, 25, 57, 63, 64, 72, 73 | 1, 8, 23, 30 | 1, 5, 8, 9, 13, 16, 17, 18, 21, 24 | None asserted |
| LG | 1, 15, 16, 79 | 19, 25, 57, 63, 64, 72, 73 | 1, 8, 23, 30 | 1, 5, 8, 9, 13, 16, 17, 18, 21, 24 | None asserted |
| MOTOROLA | 1, 15, 16, 79 | 19, 25, 57, 63, 64, 72, 73 | 1, 8, 23, 30 | 1, 5, 8, 9, 13, 16, 17, 18, 21, 24 | None asserted |
| NOKIA | 1, 15, 16, 79 | 19, 25, 57, 64, 72, 73 | 1, 8, 23, 30 | 1, 5, 8, 9, 13, 16, 17, 21, 24 | None asserted |
| SAMSUNG | 1, 15, 16, 79 | 19, 25, 57, 63, 64, 72, 73 | 1, 8, 23, 30 | 1, 5, 8, 9, 13, 16, 17, 18, 21, 24 | None asserted |
| SONY | None asserted | 19, 25, 57, 63, 64, 72, 73 | 1, 8, 23, 30 | 1, 5, 8, 9, 13, 16, 17, 18, 21, 24 | None asserted |
| YAHOO! | 1, 14, 15, 16, 79 | 19, 25, 57, 72, 73 | None asserted | None asserted | None asserted |

**KEY**:

The PTAB has declined to institute IPR as to the claims in **red/bold**.

The PTAB issued a final decision holding unpatentable the claims in **blue/bold**.

On August 10, 2015, Arendi noticed appeals to the PTAB's final decisions invalidating claims of the '854 and '843 patents.  Ex. 2 (IPR2014-00206); Ex. 3 (IPR2014-00207[4]); Ex. 4 (IPR2014-00208).  Arendi's deadline to notice appeals regarding the PTAB's final decisions invalidating claims of the '356 and '853 patents has not yet run.

On September 17, 2015, the day before Arendi moved to lift the stay, Arendi confirmed that it intended to resume piecemeal litigation on the remainder of asserted claims of the '843 and '993 patents.  Ex. 6 ("To be clear, Arendi only seeks to lift the stay on claims that were not invalidated by the PTAB.").  Arendi will not surrender its right to later assert any of the claims already invalidated by the PTAB and on appeal.  *Id.* ("Arendi intends to maintain its appeals to the Federal Circuit and will not be dismissing any claims at this time.").

## III.    LEGAL STANDARD

In determining whether a stay is appropriate in the first instance, this Court typically considers three factors: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See, e.g.*, *Cooper Notification, Inc. v. Twitter, Inc.*, C.A. No. 09-865-LPS, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010).  "[W]here there are no new circumstances that impose hardship on the plaintiff or that change the court's earlier disposition imposing the stay, the plaintiff's motion to lift the stay should be denied."  *Auto. Techs. Int'l, Inc. v. Am. Honda Motor Co.*, C.A. Nos. 06-187-GMS, 06-391-GMS, 2009 U.S.

---

[4] Petitioner has noticed a Cross-Appeal in this proceeding.  Ex. 5 (Notice of Cross Appeal, IPR2014-00207).

Dist. LEXIS 85156, at *5 (D. Del. Sept. 15, 2009); *see also Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 74 (D.D.C. 2002).

When considering any changed circumstances as to the "undue prejudice" factor, courts take into account the timing of the stay request, the timing of the request for administrative review, the status of those proceedings, and the relationship between the parties. *See Princeton Digital Image Corp. v. Konami Digital Entm't Inc.*, C.A. Nos. 12-1461-LPS-CJB, 13-335-LPS-CJB, 2015 U.S. Dist. LEXIS 4234, at *10 (D. Del. Jan. 14, 2015) (citing *Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 U.S. Dist. LEXIS 92416, at *4 (D. Del. July 2, 2013); *Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 (D. Del. 2011)).  Without a specific showing of hardship, the delay resulting from maintaining a stay is insufficient to establish undue prejudice.  *See Auto. Techs.*, 2009 U.S. Dist. LEXIS 85156, at *6-7 (denying motion to lift stay where court was "not convinced that ATI will be unduly prejudiced by continuing the stay in this case.  Other than citing 'further delay,' ATI has failed to articulate any 'hardship or [show] that the [PTO's] action immediately impacts [its] daily affairs.'" (internal citations omitted)).  Likewise, a plaintiff's status as a non-practicing entity and its failure to timely seek preliminary injunctive relief is indicative of a lack of undue prejudice resulting from maintaining a stay.  *See Pegasus Dev. Corp. v. DirecTV, Inc.*, No. 00-01020-GMS, D.I. 539 at 2 (D. Del. June 5, 2008) (Ex. 7) ("[T]he court concludes that relief from the stay is not appropriate, because the plaintiffs have significantly delayed in requesting a preliminary injunction."); *Auto. Techs.*, 2009 U.S. Dist. LEXIS 85156, at *7 ("As the defendants correctly point out, the 'fact that ATI does not make or sell any product remains unchanged' and 'there is no issue of irreparable harm caused by continuation of a stay.'"); *Walker Digital, LLC v. Canon U.S.A., Inc.*, No. 1:11-cv-00326-GMS, D.I. 125 at 3-4 n.1 (D. Del. Jan. 28, 2013) (Ex. 8) ("[A] plaintiff that merely

licenses its patent rights, rather than actively dealing in good or services related to the patents-in-suit, can have its injuries adequately addressed through ordinary damages. . . . Here, should Walker, a patent licensor, ultimately succeed on its infringement claim, it will be able to obtain adequate monetary redress for that infringement. This fact weighed in favor of granting the initial stay, and nothing has changed so as to affect the court's decision at this time.").

In determining whether to lift a stay, courts also consider whether it is likely that the outcome of any ongoing administrative proceedings will obviate or simplify issues for trial, such as claim construction, infringement and invalidity. *See Auto. Techs*, 2009 U.S. Dist. LEXIS 85156, at *6; *In re Ameranth Patent Litig. Cases*, No. 11cv1810 DMS (WVG), D.I. 596 at 4 (S.D. Cal. June 4, 2015) (Ex. 9) ("[I]t makes little sense to have the parties engage in claim construction discovery and briefing, and for the Court to construe claims, when the Federal Circuit may undertake that same task in considering the parties' appeals.").  The "simplification of issues" factor more strongly favors maintaining a stay where the underlying administrative review has been granted.  *See Princeton Digital*, 2015 U.S. Dist. LEXIS 4234, at *9-10 ("[T]he rationale for a stay is *stronger* now as compared to when the Court initially granted the stay. . . . If the 'simplification of issues' factor 'slightly' favored the grant of a stay at the time of the Court's prior Order (when review was being sought as to 17 of 23 claims), . . . it does so even more strongly now, as review has actually been granted as to all but three claims.").  Where a patentee intends to later assert any claims that survive administrative review, lifting a stay before all proceedings are complete "could significantly complicate the issues [] and lead to inefficiency."  *Id*. at *7.

Furthermore, courts have declined to lift a stay where ongoing IPR proceedings may simplify issues as to claims for which the PTAB did not institute review.  *See id.* at *9 ("For

9

example, a finding by the PTAB that independent claims 12 and 16 are invalid could simplify the invalidity analysis of dependent claims 14, 19 and 20.  Moreover, the PTAB proceedings may well provide the Court with additional insight regarding how some terms in claims 14, 19, and 20 should be construed."); *see also In re Ameranth*, Ex. 9 at 4 ("It makes little sense to proceed on those claims that are not on appeal when related claims are on appeal[.]"); *Murata Mach. USA, Inc. v. Daifuku Co. Ltd.*, No. 2:13CV866 DAK, 2015 U.S. Dist. LEXIS 118665, at *4-5 (D. Utah Sept. 4, 2015) (declining to lift stay as to two newly asserted patents not subject to IPR proceedings where "the stay would eliminate duplicative discovery and avoid having to spend the 'time and expense of educating a judge and jury twice on similar technology.'" (quoting *Sonics, Inc. v. Arteris, Inc.*, C 11-05311 SBA, 2013 U.S. Dist. LEXIS 17524, at *3 (N.D. Cal. Feb. 8, 2013)); *Nidec Motor Corp. v. Broad Ocean Motor LLC*, 4:13CV01895 RLW, D.I. 65 at 1 (E.D. Mo. Feb. 2, 2015) (Ex. 10) (stay continued with respect to all asserted patents, even though IPR review was not instituted for one patent "so that all of the issues in this case can be resolved at the same time and because there is potential overlap between the issues in the patents").

Finally, in determining whether to lift a stay, Courts in this District evaluate any changes to the "stage of the litigation" relative to administrative proceedings.  *See Walker Digital,* Ex. 8 at 2-3 n.1 (where the case was initially stayed in its infancy, denying request to lift a stay because a continued stay "might have significant judicial and litigant economy benefits" because "no new circumstances have altered the court's impression of the third stay factor"); *Auto. Techs*, 2009 U.S. Dist. LEXIS 85156, at *6-7 ("[S]ince the stay has been in place, the parties have not conducted extensive discovery in this case; neither has a fact discovery cut off nor a trial been scheduled. Indeed, there is no evidence that any additional costs have been incurred or spent for any these typically cost-intensive purposes. At this stage in the case, and in light of the ongoing

reexamination proceedings, including the fact that six of the original twelve patents in suit remain subject to reexamination, the court is simply not persuaded that lifting the stay is justified at this time.").

## IV.     ARGUMENT

### A.     Arendi Fails to Identify Any "Changed Circumstances" That Warrant Lifting The Stay.

In its motion to lift the stay, Arendi argues that the Stipulation also "permitted any party to move to lift the stay within 30 days of a judgment on the last of the IPRs . . . and provided that no party would be prejudiced by the fact that they agreed to the stay in the first place."  D.I. 39 at 1-2 (citing Ex. 1 at 6).  However, Arendi omits the Stipulation's express requirement that the moving party establish "changed circumstances" to warrant lifting a stay under this provision. *See* Ex. 1 at 6 ("the parties agree that the fact the moving party agreed to this Stipulation will not prejudice their arguments to lift the stay *in light of changed circumstances*" (emphasis added)). The circumstances now are no different from what the parties envisioned when they stipulated to a stay.  And in fact, Arendi does not argue or even suggest that there are any "changed circumstances" that warrant lifting the stay.[5]  The only development Arendi points to is that the PTAB has now completed all IPR proceedings.  This is a development contemplated by the Stipulation, not a changed circumstance.

### B.     Maintaining The Stay Will Not Unduly Prejudice Arendi Nor Provide Defendants With a Tactical Advantage.

In its motion, Arendi fails to offer any relevant explanation (let alone submit evidentiary support) as to why maintaining the stay would unduly prejudice Arendi.  Arendi does not argue

---

[5] Indeed it was more than a year ago, on May 28, 2014 and June 5, 2014, the PTAB declined to institute IPR of the '993 patent.  IPR2014-00203; IPR2014-00214.

that maintaining a stay would unfairly advantage the Defendants.  And Arendi does not address any of the factors that courts consider in assessing the risk of undue prejudice.  Instead, Arendi offers vague and conclusory statements of prejudice that are insufficient to support lifting the stay.  In fact, when stipulating to the stay, Arendi agreed that staying the litigation pending the completion of IPR and any subsequent appeal thereof  "would not cause any of the parties to suffer undue prejudice[.]"  Ex. 1 at 5.[6]

It is not surprising that Arendi does not provide any evidentiary support for its claims of prejudice.  An analysis of the factors used in assessing the risk of undue prejudice strongly favor maintaining the stay.  First, Defendants diligently prepared and filed IPRs, and the parties promptly stipulated to a stay shortly thereafter and before any institution decisions by the PTAB.  Neither the timing of the request for administrative review nor the request for a stay suggests any dilatory motive by the defendants.  Second, the relationship of the parties also strongly favors maintaining the stay.  Arendi is still a non-practicing entity, is still not a direct competitor with any of the Defendants, and has to date not sought to preliminarily enjoin any allegedly infringing activity.  This suggests that maintaining the stay would not cause any undue prejudice to Arendi.  *See Auto. Techs.*, 2009 U.S. Dist. LEXIS 85156, at *7 ("As the defendants correctly point out, the 'fact that ATI does not make or sell any product remains unchanged' and 'there is no issue of irreparable harm caused by continuation of a stay.'"); *Walker Digital*, Ex. 8 at 3-4 n.1 (denying motion to lift stay because, in part, the plaintiff was a non-practicing entity).

Ignoring the applicable legal standard, Arendi instead offers two conclusory statements regarding undue prejudice.  First, Arendi posits that because several of its lawsuits were filed in late November 2012, maintaining the stay would unduly prejudice Arendi, apparently merely by

---

[6] Delaware Local Rules prohibit submission of materials in a reply brief "which should have been included in a full and fair opening brief."  L.R. 7.1.3(c)(2).

the amount of time that has elapsed.  D.I. 39 at 3.  The potential for delay pending USPTO

review does not, by itself, establish undue prejudice.  *Enhanced Sec. Research, LLC v. Cisco Sys.,*

*Inc.*, C.A. No. 09-571-JJF, 2010 WL 2573925, at *3 (D. Del. June 25, 2010); *Wall Corp. v.*

*BondDesk Grp., L.L.C.*, C.A. No. 07-844 GMS, 2009 WL 528564, at *2 (D. Del. Feb. 24,

2009).[7]  The court in *Automotive Technologies* rejected the same argument made here by Arendi.

There, the plaintiff asserted eight patents, two of which survived reexamination, and proceedings

were still underway for the other six patents.  The plaintiff sought to lift the stay for the two

reexamined patents, arguing "that because this case has been pending for over two and one-half

years" continuing the stay with respect to those patents would be unduly prejudicial.  In denying

the motion to lift the stay, the Court was "not convinced that ATI will be unduly prejudiced by

continuing the stay in this case."  *Auto. Techs.*, 2009 U.S. Dist. LEXIS 85156, at *4, 6-7 (internal

citations omitted).  Other than citing "further delay," Arendi, like ATI, has failed to articulate

any "hardship or [show] that the [PTO's] action immediately impacts [its] daily affairs."  *Id.*

Second, Arendi's reliance on *Fifth Mkt., Inc. v. CME Grp., Inc.*, C.A. No. 08-520-GMS,

2013 WL 3063461, at *1 (D. Del. June 19, 2013) and *SoftView LLC v. Apple Inc.*, C.A. No. 10–

389–LPS, 2012 WL 3061027, at *4 (D. Del. July 26, 2012) for the proposition that a protracted

stay could create issues with stale evidence, faded memories, and lost documents is misplaced.

D.I. 39 at 3.  Arendi does not argue that any of these circumstances exists here.  Arendi does not

---

[7] Arendi's citation to *Zoll Med. Corp. v. Respironics, Inc.*, C.A. No. 12-1778-LPS, 2015 WL
4126741, at *1 (D. Del. July 8, 2015) misses the mark.  *Zoll* addresses different facts.  In *Zoll*,
the plaintiff sought to lift a stay after eight of nine asserted claims survived IPR and the
defendant opposed lifting the stay pending appeal.  *Id.* at *1 n.2.  Here, Plaintiff Arendi seeks to
lift a stay pending the appeal of IPR decisions ***invalidating*** more than 160 of its claims.  More
importantly, the stay in *Zoll* was based on defendant's assurances that "the length of the stay
would not exceed 18 months."  *Id.* at 1.  Here, the Stipulation was not predicated on such
assurances and in fact expressly contemplated that the stay would encompass not only final
decisions by the PTAB, but also any appeals thereof.

identify any potential witnesses who may become unable to testify or identify any documents

that may be lost or destroyed if the stay were maintained.  *Crocs, Inc. v. Cheng's Enters.*, No.

06-cv-00605-PAB-BNB, 2012 U.S. Dist. LEXIS 161954, at \*5 (D. Colo. Oct. 16, 2012)

(rejecting evidentiary prejudice arguments as "pure speculation" because it "offer[ed] no specific

concerns such as an aged witness or a party's historic failure to preserve records").[8]

### C.  Maintaining The Stay Will Continue to Simplify Issues For Trial.

Despite the fact that Arendi agreed that the parties' interests would best be served by

staying the present litigation pending the completion of the IPRs any subsequent appeals thereof

because "staying these cases would simplify the issues for trial,"  Arendi now argues that a stay

will not simplify the issues in question for the '993 patent or for the three dependent claims of

the '843 patent.  Ex. 1 at 5; D.I. 39 at 3.  Arendi fails to provide any further explanation or

evidence to support these bare assertions.

Nor can it.  Arendi's premise—that ongoing proceedings at the Federal Circuit will not

simplify issues for trial in this case—is false.  Instead, maintaining a stay pending appeal will

simplify issues for trial because each of Arendi's patents-in-suit is related.  For example, Claims

13, 18 and 19 of the '843 patent all depend on method claim 1, which was invalidated by the

PTAB.  Maintaining the stay as to the dependent claims of the '843 patent would certainly

simplify issues for trial.  *See id.* at \*8-9 (declining to lift stay where "the PTAB proceedings may

well provide the Court with additional insight regarding how some terms in [dependent] claims

---

[8] *SoftView* is inapposite because it does not involve a motion to lift an existing stay, but a
contested motion to stay pending reexamination.  The stage of reexamination proceedings in
*SoftView* remained at an early stage, whereas here numerous final decisions by the PTAB
invalidating Arendi's asserted claims have been or will soon be appealed to the Federal Circuit.
*SoftView*, 2012 WL 3061027, at \*7.  And Arendi omits the fact that in a subsequent *SoftView*
decision, this Court granted the motion to stay pending IPR.  *See SoftView LLC v. Apple Inc.*,
C.A. Nos. 12-989-LPS, 10-389-LPS, 2013 U.S. Dist. LEXIS 125900 (D. Del. Sept. 4, 2013).

14, 19, and 20 should be construed").  Similarly, the '993 patent's subject matter overlaps

substantially with claims the PTAB has already invalidated.  For example, the specification of

the '993 explains that it is "related to" the '853 patent and incorporates its disclosure by

reference.  '993 patent, 1:12-14.  The '993 patent shares almost all of its Figures with the other

patents-in-suit.  *Compare* '993 patent, FIGS. 1-15, 19 *with* '356 patent, FIGS 1-16.  The majority

of the '993 patent's specification is identical to the specifications of the other patents-in-suit.  *See*

*Versata Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893-SS, 2013 U.S. Dist. LEXIS 182842,

at *6-7 (W.D. Tex. June 20, 2013) (staying litigation noting "strong similarities" between claims

plaintiff asserted with those invalidated by the PTAB in an prior proceeding ).  Moreover, the

prior art asserted against the '993 and '843 patents in the above-captioned actions is identical to

and/or substantially overlaps with the prior art that formed the basis of the IPRs for the claims on

appeal.  The Federal Circuit's review and applications of the prior art will necessarily streamline

the invalidity issues for the '843 and '993 patents.

        In fact, proceeding with two tracks will contribute to substantial complications.  First,

piecemeal litigation all but ensures multiple trials in each of the above-captioned cases.  If the

Court were to allow the parties to proceed to trial on a small number of claims of the '993 and

'843 patents, the Court may then be forced to revisit any previously asserted claims of the '853,

'854, '843 and '356 patents if revived on appeal.  Under similar circumstances, the court in

*Princeton Digital* declined to lift the stay because it

> could *significantly complicate the issues in these actions and lead
> to inefficiency*.  For example, the IPR proceedings still involve 20
> other claims that the PTO may ultimately hold to be valid, and
> Plaintiff has given no indication that it intends to surrender its right
> to later assert any of the claims that survive.  Thus, even if the
> Court were to allow the parties to proceed to trial solely on claims
> 14, 19, and 20, the Court and the parties may then be forced to
> revisit the remaining claims following resolution of the IPR.

*Princeton Digital*, 2015 U.S. Dist. LEXIS 4234, at *7 (emphasis added).  Here, too, Arendi intends to pursue all of its appeals and the resulting piecemeal litigation would significantly complicate the issues for (multiple) trials.

In re Ameranth, Ex. 9, is on point.  In that case, the plaintiff asserted four patents.  *Id.* at 2 n.2.  The PTAB declined to institute review of some or all claims of three of the patents-in-suit and upheld the validity of certain claims of the fourth.  *Id.* at 2-3.  Like here, the PTAB's decisions were on appeal to the Federal Circuit, and all claims were related.  *Id.* at 3.  The court maintained the stay because it "makes little sense to proceed on those claims that are not on appeal when related claims are on appeal" and also because "it makes little sense to have the parties engage in claim construction discovery and briefing, and for the Court to construe claims, when the Federal Circuit may undertake that same task in considering the parties' appeals."  *Id.* at 4; *see also Rothschild Storage Retrieval Innovations, LLC v. Nokia, Inc.*, No. 1:14-CV-22657-GAYLES/TURNOFF, D.I. 39 at 2 (S.D. Fla. Sept. 28, 2015) (Ex. 11) ("The Court finds that a stay, including through any appellate review of the IPR by the Federal Circuit, will prevent unnecessary expenditure of substantial resources.").  Here, too, the pending appeals and the substantial overlap in subject matter and prior art suggest that maintaining the stay will avoid the possibility of inconsistent decisions on the merits if both the litigation and appeals proceed in parallel.  *See Sightsound Techs., LLC v. Apple, Inc.*, No. 11-1292, 2013 WL 2457284, at *2 (W.D. Pa. June 6, 2013) (granting stay of litigation, noting that "[p]arallel proceedings involving the same patents, with potentially different outcomes, are not particularly desirable").

Third, maintaining a stay pending appeal will simplify issues for trial because the scope of the asserted claims is still in flux.  Lifting the stay would require the parties and the Court to proceed without knowledge of Arendi's substantive positions on appeal that may alter the scope

16

of the inventions claimed or otherwise characterize the state of the prior art.  Should the Federal

Circuit remand to the PTAB for further proceedings, and if Arendi should be granted leave to file

a motion to amend its claims upon remand,[9] the parties would need to litigate claim constructions

in both fora, using two different claim construction standards,[10] and prepare proposed

constructions based on the original claim language and any proposed, amended claim language.

*See, e.g.*, *Volusion*, 2013 U.S. Dist. LEXIS 182842, at *10 ("[T]he PTAB will be quite insistent

on conducting its own claim construction, using its own standard, rather than looking to any

work done by this Court Proceeding to the *Markman* in the face of a granted petition would

therefore be supremely wasteful for both the parties and the Court.").  Lifting the stay when the

scope of the asserted claims may drastically change makes it impossible to meaningfully litigate

issues of conception, reduction to practice, infringement and invalidity.

The potential complications are exacerbated by the fact Arendi has not limited its basis

for appeal.  Arendi's Notices of Appeal state that the appeal will include "without limitation,

such issues as the proper construction of claim terms and the application of the proper

construction to the prior art" or "the Board's improper use of the 'common sense' doctrine to

provide factual evidence for claim limitations[.]"  Ex. 2 at 2; Ex. 3 at 2; Ex. 4 at 2.  Thus, with

Arendi's opening briefs at the Federal Circuit not expected until at least February or March of

2016, lifting the stay now would force the parties and the Court to proceed in the dark, without

the benefit of the Federal Circuit's guidance or with any statements by Arendi regarding the

---

[9] Unlike here, the plaintiff in *SoftView* "represented to the Court that it will not amend any of its
asserted claims during the reexamination proceedings, further reducing the risk that any litigation
efforts will be nullified or wasted as a consequence of subsequent amendments."  *Id.* at 5-6.
Arendi has not made any such representation.

[10] The USPTO applies the broadest reasonable interpretation ("BRI") standard to construe the
claims, but the district court must apply the standard for claim construction using the *Phillips*
framework.

same.  *See CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997) (stating

that "statements made during prosecution or reexamination an applicant . . . may commit to a

particular meaning for a patent term, which meaning is then binding in litigation").

Given these complications, it is likely that the parties here would need to re-depose

numerous party and third-party witnesses regarding infringement and invalidity, seek modified

claim constructions, perform additional prior art searches, amend invalidity and infringement

contentions, and submit supplemental expert reports.  Thus, the outcome of the Federal Circuit's

appeals will resolve and significantly streamline issues for trial, including for those claims for

which IPR was not instituted.

### D.     Maintaining The Stay Will Promote Judicial Efficiency and Conserve Resources.

Arendi argues that a stay should be lifted because infringement and invalidity contentions

have been exchanged in this case.  This argument misses the mark because the parties had

already exchanged these contentions before they stipulated to a stay and agreed that the parties'

interests would be best served by staying the present litigation "because no trial dates have been

set yet and discovery in is in its early stages."  Ex. 1 at 5.  Arendi admits that "much work

remains" to be done in the case and that the stage of litigation "has not changed."  D.I. 39 at 4.

Thus, where the parties anticipated the likelihood of subsequent appeals of the PTAB's final

decisions and expressly agreed that all of their interests would be best served staying the

litigation pending those appeals, Arendi cannot establish any changed circumstances warranting

lifting the stay.

Staying a case at an early juncture "can be said to advance judicial efficiency and

maximize the likelihood that neither the [c]ourt nor the parties expend their assets addressing

invalid claims." *SenoRx, Inc. v. Hologic, Inc.*, C.A. No. 12-173-LPS-CJB, 2013 WL 144255, at *5 (D. Del. Jan. 11, 2013) (internal quotation omitted).  Arendi attempts to side-step this important factor by asserting that courts give the stage of litigation factor "little weight when evaluating whether to lift a stay."  D.I. 39 at 4.  This is flatly contradicted by the single case Arendi cites in support of this proposition.  The court in *Fifth Market* in fact weighed the "stage of litigation" factor when evaluating whether to lift a stay.  2013 WL 3063461.  There the court had already held a *Markman* hearing and issued a claim construction order, thereby finding that the stage of litigation factor favored lifting the stay.  *Id.* at *3 n.1.  Here, in contrast, the Court has neither held a *Markman* hearing nor issued a claim construction order.  In fact, the parties have yet to exchange a list of terms and phrases for claim construction.

Courts in this District have routinely afforded substantial weight to the stage of litigation factor when evaluating whether to lift a stay.  In *Walker Digital*, where the case was initially stayed in its infancy, the Court denied a request to lift a stay because a continued stay "might have significant judicial and litigant economy benefits" because there were "no new circumstances have altered the court's impression of the third stay factor" that would warrant lifting the stay.  Ex. 8 at 2-3 n.1; *see also Auto. Techs*, 2009 U.S. Dist. LEXIS 85156, at *6-7 ("[S]ince the stay has been in place, the parties have not conducted extensive discovery in this case; neither has a fact discovery cut off nor a trial been scheduled.  Indeed, there is no evidence that any additional costs have been incurred or spent for any these typically cost-intensive purposes. At this stage in the case, and in light of the ongoing reexamination proceedings, including the fact that six of the original twelve patents in suit remain subject to reexamination, the court is simply not persuaded that lifting the stay is justified at this time.").

## V.    CONCLUSION

For all of the reasons stated above, Arendi's motion to lift the stay should be denied.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By:   */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    bpalapura@potteranderson.com

*Attorneys for Defendant Motorola Mobility
LLC f/k/a Motorola Mobility, Inc. and Google
Inc.*

FISH & RICHARDSON, P.C.

By:   */s/ Jeremy Douglas Anderson*
    Jeremy Douglas Anderson (#4515)
    222 Delaware Avenue, 17th Floor
    P.O. Box 1114
    Wilmington, DE 19899-1114
    Tel:  (302) 652-5000
    janderson@fr.com

*Attorneys for Defendants LG Electronics, Inc.,
LG Electronics USA, Inc. and LG Electronics
Mobilecomm U.S.A., Inc.*

DLA PIPER LLP

By:   */s/ Denise Seastone Kraft*
    Denise Seastone Kraft (#2778)
    Aleine Michelle Porterfield (#5053)
    919 N. Market Street, Suite 1500
    Wilmington, DE 19801
    Tel:  (302) 468-5645
    denise.kraft@dlapiper.com
    aleine.porterfield@dlapiper.com

*Attorneys for Defendant Apple Inc.*

MORRIS JAMES LLP

By:   */s/ Richard K. Herrmann*
    Richard K. Herrmann (#405)
    Mary B. Matterer (#2696)
    500 Delaware Avenue, Suite 1500
    Wilmington, DE 19801
    Tel:  (302) 888-6800
    rherrmann@morrisjames.com
    mmatterer@morrisjames.com

*Attorneys for Defendants Blackberry Limited
and Blackberry Corporation*

DRINKER BIDDLE & REATH LLP

By:   */s/ Francis DiGiovanni*
     Francis DiGiovanni (#3189)
     222 Delaware Ave., Ste. 1410
     Wilmington, DE  19801-1621
     Tel: (302) 467-4200
     francis.digiovanni@dbr.com

*Attorneys for Defendants Samsung Electronics America Inc., Samsung Electronics Co. Ltd., and Samsung Telecommunications America LLC*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:   */s/ Jack B. Blumenfeld*
     Jack B. Blumenfeld (#1014)
     Maryellen Noreika (#3208)
     Jeremy A. Tigan (#5239)
     1201 North Market Street
     P.O. Box 1347
     Wilmington, DE  19899
     Tel:  (302) 658-9200
     jblumenfeld@mnat.com
     mnoreika@mnat.com
     jtigan@mnat.com

*Attorneys for Defendants Nokia Inc. and Yahoo! Inc.*

CONNOLLY GALLAGHER LLP

By:   */s/ Arthur G. Connolly III*
     Arthur G. Connolly III (#2667)
     1000 West Street, 14th Floor
     Wilmington, DE  19801
     Tel: (302) 888-6318
     aconnolly@connollygallagher.com

*Attorneys for Defendants HTC Corp. a/k/a High Tech Computer Corp. and  HTC America, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:   */s/ Rodger D. Smith II*
     Rodger D. Smith II (#3778)
     1201 N. Market Street
     P.O. Box 1347
     Wilmington, DE  19899-1347
     Tel:  (302) 658-9200
     rsmith@mnat.com

*Attorneys for Defendants Sony Mobile Communications (USA) Inc., Sony Corporation and Sony Corporation of America*

Dated: October 5, 2015

1205702 / 40549